CHERYL TOTH, Mother and Next Friend of Melissa Toth, a Minor, Plaintiff-Appellee, v. RICHARD L. JENSEN *et al.*, Defendants (Randall C. Monroe, Contemnor-Appellant).

First District (2nd Division)   No. 1—93—4100

Opinion filed April 11, 1995.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago (Daniel G. Wills, of counsel), for appellant.

Dan Karlin, Ltd., and Fischel & Kahn, Ltd., both of Chicago (Dan Karlin, David W. Inlander, and Angela M. Kalamaras, of counsel), for appellee.

Terrence J. Lavin, of Terrence J. Lavin & Associates, P.C., of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

Saul J. Morse and Robert John Kane, both of Illinois State Medical Society, of Springfield, for *amicus curiae* Illinois State Medical Society.

JUSTICE DiVITO delivered the opinion of the court:

This appeal is from a contempt judgment against attorney Randall C. Monroe who, in reliance on the privilege provided by the Medical Studies Act (Ill. Rev. Stat. 1989, ch. 110, par. 8—2101 *et seq.* (now 735 ILCS 5/8—2101 *et seq.* (West 1992))), refused to produce documents subpoenaed in a medical malpractice action. Because we find the documents were protected by the privilege, we reverse the circuit court's judgment.

In the underlying action, filed on July 21, 1989, plaintiff alleged that defendants Dr. Richard L. Jensen and Dr. Mary Marcus were guilty of medical malpractice in connection with her delivery of Melissa Toth on November 27, 1983, at defendant Olympia Fields Osteopathic Medical Center. On September 16, 1992, plaintiff filed a second request for production of documents, pursuant to Supreme Court Rule 214 (134 Ill. 2d R. 214), which included a request for "[a]ny and all documents in Dr. Jensen's personnel file relating to the particular areas of practice for which Dr. Jensen was credentialed at Olympia Fields Osteopathic Medical Center." In response, Jensen

objected to producing the following documents, asserting privileged status under the Medical Studies Act (Ill. Rev. Stat. 1989, ch. 110, par. 8—2101 *et seq.* (now 735 ILCS 5/8—2101 *et seq.* (West 1992))):

(a) yearly evaluation dated May 4, 1989, signed by the chairman of the department of surgery;

(b) yearly evaluation dated May 31, 1990, signed by the chairman of the department of surgery;

(c) standard criteria/evaluation of staff privileges, dated July 12, 1991, signed by the chairman of the department of surgery;

(d) memorandum to Robert L. Hambrick, D.O., chairman of the credentials committee, from P. Robert Lombardo, D.O., chairman of the department of surgery, undated;

(e) standard criteria/evaluation of staff privileges, dated March 31, 1992, signed by the chairman of the department of surgery, attached to preceding memorandum in (d) above; and

(f) confidential physician evaluation form, dated April 27, 1992, signed by Scott O'Donnelly, D.O.

The Medical Studies Act states, in relevant part:

"8—2101. Information obtained. All information, interviews, reports, statements, memoranda or other data of the Illinois Department of Public Health, municipal health departments, the Illinois Department of Mental Health and Developmental Disabilities, the Mental Health and Developmental Disabilities Medical Review Board, Illinois State Medical Society, allied medical societies, health maintenance organizations and medical organizations under contract with health maintenance organizations, physician-owned inter-insurance exchanges and their agents, or committees of licensed or accredited hospitals or their medical staffs, including Patient Care Audit Committees, Medical Care Evaluation Committees, Utilization Review Committees, Credential Committees and Executive Committees, (but not the medical records pertaining to the patient), used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care, shall be privileged, strictly confidential and shall be used only for medical research, the evaluation and improvement of quality care, or granting, limiting or revoking staff privileges ***.

§ 8—2102. Admissibility as evidence. Such information, records, reports, statements, notes, memoranda, or other data, shall not be admissible as evidence, nor discoverable in any action of any kind in any court or before any tribunal, board, agency or person. The disclosure of any such information or data, whether proper, or improper, shall not waive or have any effect upon its confidentiality, nondiscoverability, or nonadmissibility." Ill. Rev. Stat. 1989, ch. 110, pars. 8—2101, 8—2102.

On July 8, 1993, plaintiff filed a motion to compel production of the disputed documents, contending that the Medical Studies Act was not applicable. On November 1, 1993, after conducting an *in camera* inspection of the documents, the circuit court stated, "I have concluded that they are not covered by the medical studies act because they are in fact a report of actions rather than a peer review committee act." The court also said, "[I]f I were the defendant, I would rush to have them disclosed. *** They have him walking on water almost." The court granted plaintiff's motion and ordered Jensen to produce the material within seven days. On November 9, 1993, after he refused to produce the documents, the court found Jensen's attorney, Randall C. Monroe, in contempt and fined him $10. Monroe appeals that judgment.

The Medical Studies Act was created to advance the quality of health care by ensuring that members of the medical profession effectively engage in a peer-review process. Absent a confidentiality provision, physicians may be reluctant to sit on peer-review committees and critically evaluate their colleagues. (*Richter v. Diamond* (1985), 108 Ill. 2d 265, 269, 483 N.E.2d 1256.) Thus, the Medical Studies Act protects documents which arise from the workings of a peer-review committee (*Roach v. Springfield Clinic* (1993), 157 Ill. 2d 29, 40, 623 N.E.2d 246) and which are an integral part, but not the result, of the peer-review process. (*Richter*, 108 Ill. 2d at 269.) A defendant who relies on the exemption has the burden of evincing facts which give rise to the privilege. *Ekstrom v. Temple* (1990), 197 Ill. App. 3d 120, 127, 553 N.E.2d 424.

Plaintiff argues, as the circuit court held, that no peer-review committee existed. She contends that the disputed documents were prepared by individuals, most often the chairman of the department of surgery, acting independently of any peer-review committee. Defendant responds that while the evaluations were prepared by individual physicians, they were used by peer-review committees to make final personnel determinations. Documents authored by individuals for the use of a qualified committee receive protection under the Medical Studies Act. *Sakosko v. Memorial Hospital* (1988), 167 Ill. App. 3d 842, 844-45, 522 N.E.2d 273.

The record in this case discloses that documents within Jensen's personnel file show the existence of hospital committees which engaged in internal quality control and took action based upon the content of the disputed documents. The board of directors or board of trustees annually reappointed Jensen to the medical staff and af-

firmed the privileges delineated by the department of surgery chairman. Jensen's annual applications for reappointment contained the signed endorsement and approval of the hospital's credentials committee chairman, department of surgery chairman, executive vice-president, chief of staff, president, and board of trustees chairman. The executive committee also approved an expansion of Jensen's privileges following the recommendations of the department of surgery chairman and credentials committee chairman. Credential committees and executive committees are listed in the Medical Studies Act as examples of protected committees.

Plaintiff also contends that the documents reflect the results of a peer-review process and were not an integral part of the process itself. (*Richter*, 108 Ill. 2d at 269.) Plaintiff cites *Willing v. St. Joseph Hospital* (1988), 176 Ill. App. 3d 737, 531 N.E.2d 824, which held that the following did not fall within the purview of the Medical Studies Act: privileges which were granted, modified, restricted, or revoked; applications for staff appointment and staff privileges; educational transcripts; letters of resignation or withdrawal; written criteria or standards necessary to obtain certain privileges; and written rules, regulations, policies, or procedures for medical doctors. The basis for this holding was that these documents were generated either before or after the peer-review process and were not utilized as part of the evaluation procedure. *Willing*, 176 Ill. App. 3d at 743-44.

Our examination of the disputed documents, which have been supplied under seal, shows that they did not fit any of the categories listed in *Willing*, nor were they independent of the peer-review process, but rather served an integral function in the decision-making process. The Medical Studies Act protects and prevents disclosure of the peer-review process leading to the ultimate decision rendered by the hospital. (*Payne v. Nicholas* (1987), 156 Ill. App. 3d 768, 779-80, 509 N.E.2d 547.) The record in this case shows that final determinations about annual reappointment to the medical staff and the granting of additional privileges were made by the board of directors, board of trustees, and the executive committee after consideration of evaluations from the department of surgery chairman and credentials committee chairman. Accordingly, the annual evaluations by the department of surgery chairman, the memorandum from the department of surgery chairman to the credentials committee chairman, and the confidential physician evaluation form signed by Scott O'Donnelly were protected by the Medical Studies Act. For that reason, the circuit court abused its discretion in allowing discovery of

the documents. We therefore reverse the judgment of contempt against the attorney who refused to produce them.

Reversed.

HARTMAN and McCORMICK, JJ., concur.